IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-144-F

| | |
|---|---|
| JOSEPH BOONE and<br>DEMETRIUS M. HOLDER, P.A.G.,<br><br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY LIBRARY and WAKE<br>COUNTY SAFETY AND SECURITY,<br><br>Defendants. | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the court on Plaintiffs' application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and for frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). [DE-1]. On May 17, 2016, after reviewing Plaintiffs' application and complaint, the court identified the following deficiencies: first, when two plaintiffs are seeking to proceed *in forma pauperis*, each must fill out a separate application; and second, there are no allegations with respect to Plaintiff Demetrius M. Holder, P.A.G., and it appears that Holder may be impermissibly attempting to bring suit on behalf of Plaintiff Joseph Boone based on Holder's purported status as a "private attorney general." [DE-4] at 1-2. The court ordered Plaintiffs (1) to each fill out a separate *in forma pauperis* application, and (2) to particularize the complaint to include the basis for any claims asserted by Holder and to affirm that Boone seeks to litigate his claims *pro se* in this matter. *Id.* Plaintiffs' response to the order was due no later than June 6, 2016, and Plaintiffs were cautioned that "a failure to timely correct these deficiencies may result in dismissal of this action for failure to prosecute." *Id.* Plaintiffs failed to respond to the court's order.

As explained in the May 17, 2016 order, where two plaintiffs seek to proceed *in forma pauperis*, as is the case here, each plaintiff must fill out a separate application. Plaintiffs were given an opportunity to correct this deficiency but failed to do so. With respect to the complaint, it is alleged that Plaintiff Joseph Boone was banned from all public libraries in Wake County, in violation of his Equal Protection and Due Process rights under the 14th Amendment and 42 U.S.C. § 1983. Compl. [DE-1-1] at 2-3. There are no allegations in the complaint with respect to Holder, and Holder may not bring suit on behalf of Boone based on Holder's purported status as a "private attorney general," because a non-lawyer may not litigate a claim on behalf of another party. *See Myers v. Louden Cnty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for *oneself*[] does not create a coordinate right to litigate for others.") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action)). Plaintiffs were provided an opportunity to particularize the complaint to address these issues but failed to do so. [DE-4]. The court has the inherent power to dismiss a case *sua sponte* for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Accordingly, where Plaintiffs have failed to address the deficiencies outlines in the court's May 17, 2016 order, it is recommended that the application to proceed *in forma pauperis* be denied and the complaint be dismissed for failure to prosecute.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **July 1, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make

a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the 17th day of June 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge